IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUNIUS BAUGH,
          Plaintiff,

v.

RELIANCE INSURANCE COMPANY
& JOEL S. ARIO,
          Defendants.

Civ. No. 03-6900

## MEMORANDUM ORDER

Presently before the court is defendants' renewed motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction. Because defendant has presented (and plaintiff has responded to) arguments that go both to the jurisdictional question and to the merits of defendant's claims, the court interprets the motion as one to dismiss both for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and as one for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In addition, the court will consider, *sua sponte*, whether it has jurisdiction to consider plaintiff's objections to the state-court order of the statutory liquidator.

### I.   Facts alleged

Accepting the facts alleged in the amended complaint, plaintiff Junius Baugh, then

-1-

a lieutenant commander in the United States Navy, was transferred from a duty station in Philadelphia, Pennsylvania, to one in Norfolk, Virginia, in 1995. The United States engaged Kroke Transfer to store and then transport plaintiff's household goods from Philadelphia to Norfolk. Reliance Insurance Company, then a Pennsylvania insurance enterprise, served as Kroke's liability insurer. Reliance is currently being liquidated under Pennsylvania law, and defendant Joel Ario is the state liquidator (and, for purposes of this litigation, Reliance's successor-in-interest).

According to plaintiff, his household goods were delivered damaged. The purpose of this action is to recover damages for his losses, which he claims are owed because of Reliance's status as Kroke's insurer.

## II. Legal standards

At the pleadings stage, the court must determine whether a federal question appears on the face of plaintiff's well-pleaded complaint. *Bracken v. Matgouranis*, 296 F.3d 160, 163 (3d Cir. 2002). If it does, then the court has subject-matter jurisdiction under 28 U.S.C. § 1331. *Id.*

Even if a federal question appears on the face of the complaint, defendant is nonetheless entitled to dismissal if the complaint fails to allege facts sufficient to "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## III. Analysis

Plaintiff translates his allegations into three causes of action. The court will examine each count in turn to determine, first, whether it states a claim arising under the laws of the United States, and, second, whether it states a claim on which relief can be granted.

### A. Count one — Personnel Claims Act; Contract Disputes Act

Count one asserts a claim against defendant for enforcement of an administrative order issued by Norfolk Naval Station Transportation Office. The documents that are alleged to evidence this order are attached as exhibits C & D, and the court takes notice of them as documents integral to the complaint. *See DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 444 n.2 (3d Cir. 2003). Exhibit C is a copy of Department of Defense Form 1842, filled out by Baugh. According to regulations in place at the time of the alleged loss, Form 1842 is used when Navy personnel assert, *against the United States*, a claim of loss arising from damage to personal property, pursuant to the Military and Civilian Employees' Personnel Claims Act, 31 U.S.C. §§ 3701, *et seq.* 32 C.F.R. § 751.9 (1994). If the government determines that the claim is valid, then the amount of the allowed claim is paid *by the United States Navy*. 32 C.F.R. § 751.13 (1994).

It is clear from reading both the Personnel Claims Act and the applicable Department of the Navy regulations that these provisions govern claims of and against the United States. This is not surprising; according to the complaint, plaintiff's household

-3-

goods were shipped pursuant to a government bill of lading. Am. Compl. ¶ 6. In other words, the government hired a carrier to ship the goods for plaintiff. The Personnel Claims Act allows government personnel to make claims against the government when their goods are damaged in transit, 37 U.S.C. § 3721, and the government can then recover against the offending carrier.

Plaintiff has not pointed the court to any provision of law that creates a federal cause of action for enforcement of a Navy personnel claim against a private insurer (or any party other than the United States). Therefore, though the complaint invokes federal law (the Personnel Claim Act), the court concludes that, on the basis of the facts alleged and all possible inferences, plaintiff cannot seek relief from Reliance/Ario under that statute.

Plaintiff also invokes the Contract Disputes Act, 41 U.S.C. §§ 601, *et seq.*, as a basis for federal jurisdiction. That statute, however, governs disputes between the government and parties to government contracts. *See, e.g.*, 41 U.S.C. § 605 (conferring on certain government officials the right to adjudicate, in the first instance, disputes between the government and parties with whom it contracts). It does not appear to apply to disputes between private parties at all, much less create a private right of action between them. Thus, plaintiff has failed to plead a Contract Disputes Act claim on which relief can be granted.

**B.     Count two — Carmack Amendment**

-4-

Count two asserts a claim against defendant under the Carmack Amendment, 49 U.S.C. § 14706. That statute provides for the liability of a motor carrier or freight forwarder who transports goods in interstate commerce. It does not provide that a motor carrier or freight forwarder's insurer is directly liable to an injured party, and plaintiff has cited no authority for extending Carmack Amendment liability beyond its text. Therefore, though this count invokes federal law, it does not plead a Carmack Amendment claim on which relief can be granted.

### C.   Count three — Breach of fiduciary duty

Plaintiff has admitted that count three asserts a claim arising under state law. Mem. in Opp. to Motion to Dismiss, Docket No. 11, at 4. Because the court has dismissed both federal-law claims, it declines to exercise supplemental jurisdiction over the state-law claims, and will dismiss them accordingly. 28 U.S.C. § 1367(c)(3).

### D.   Plaintiff's objections to the decision of the statutory liquidator

Plaintiff has cited no federal law that would allow for a direct appeal of a state liquidator's decision in this court; therefore plaintiff's objections will be dismissed for lack of subject-matter jurisdiction.

* * * * *

AND NOW, this    day of June, 2008, for the foregoing reasons, plaintiff's complaint (Docket No. 7 ) and objections (Docket No. 41) are DISMISSED. All other motions are DISMISSED as moot, and the Clerk is directed to mark this case statistically

closed.

BY THE COURT:

_____
Pollak, J.

-6-